# EXHIBIT A

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ALLAN GUTIERREZ,
and other similarly situated individuals,

    Plaintiffs,

vs.                                Case No. 2014 - 8568-CA-01

UNIVERSITY OF MIAMI d/b/a
UNIVERSITY OF MIAMI HOSPITAL,
a Florida Non Profit Corporation,

    Defendants.

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(B))

Plaintiff, ALLAN GUTIERREZ ("Plaintiff"), and other similarly-situated individuals, by and through the undersigned counsel, hereby sue Defendant, UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL ("Defendant"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff and other similarly-situated individuals for damages exceeding $15,000 excluding attorneys' fees or costs for breach of agreement, and unpaid wages and retaliation under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to the 29 U.S.C. § 216.

3. Plaintiff was at all times relevant to this action, and continues to be, a resident Miami Dade County Florida, within the jurisdiction of this Honorable Court. Plaintiff is a covered employee for purposes of the FLSA.




4. Defendant, UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL, is a Florida Non Profit Corporation having its main place of business in Miami Dade County, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

5. Venue is proper in Miami Dade County because all of the actions that form the basis of this Complaint occurred within Miami Dade County and payment was due in Miami Dade County.

6. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

7. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8. Plaintiff performed work for Defendants as a non-exempt employee from on or about July 2012 to on or about August 2013.

9. At all times material hereto, Plaintiff and Defendants were engaged in an implied agreement whereby Plaintiff would be employed by Defendants and that Plaintiff would be properly paid as provided for by, and not in violation of, the laws of the United States and the State of Florida.

10. During Plaintiff's employment, Plaintiff at times worked in excess of forty (40) hours per week.

11. Plaintiff was not paid at the proper overtime rate for hours worked in excess of forty (40) per week, as proscribed by the laws of the United States and the State of Florida.

12. Additionally, throughout Plaintiff's employment, he worked numerous hours for which he received no compensation whatsoever, in violation of the laws of the United States and the State of Florida.

13. Specifically, throughout Plaintiff's employment, Defendant automatically deducted from Plaintiff time for daily lunch breaks that were not taken by Plaintiff.

14. On or about April 2013, Plaintiff began to inquire about and object to said time and compensation being unlawfully deducted.

15. Thereafter, in retaliation for engaging in the protected activity described above, Defendant began cutting Plaintiff's hours until on or about August 2013 when, being allowed to work only one day per week or less, Plaintiff had no other choice but to seek employment elsewhere.

## COUNT I
### Breach of Agreement Against UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL

16. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

17. Defendant breached its agreement with Plaintiff by failing to pay the amount due to Plaintiff for services provided and performed under their agreement, and by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

18. Plaintiff suffered damages as a result of Defendants' breach of said agreement.

WHEREFORE, Plaintiff seeks damages from Defendants for breach of agreement, exclusive of pre-judgment interest, costs, and attorneys' fees and any and all other relief that this Honorable Court deems just and proper.

## COUNT II
### *Quantum Meruit Against UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL*

19. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

20. Plaintiff has conferred a benefit onto Defendants by performing and providing services for Defendant.

21. Defendants have knowledge of the services performed and provided and the benefit provided by Plaintiff.

22. Defendants accepted Plaintiff's services to Defendants.

23. Defendants retain an inequitable benefit from Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

24. Plaintiff seeks damages under *quantum meruit* that are the reasonable value of the services rendered to, provided to, and performed for Defendants.

WHEREFORE, Plaintiff seeks a judgment under *quantum meruit* for damages for the reasonable value of the services performed and provided for Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT III
### *Unjust Enrichment Against UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL*

25. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

26. Plaintiff has conferred a benefit upon Defendants for services performed and provided to Defendants.

27. Defendants have knowledge of the services performed and provided by Plaintiff.

28. Defendants voluntarily accepted the services performed and provided by Plaintiff.

29. Defendants unjustly benefit from the services performed and provided by Plaintiff by not properly paying Plaintiff for all hours worked in violation of the laws of the United States and the State of Florida.

30. Plaintiff seeks damages for the value of the work performed to Defendants.

WHEREFORE, Plaintiff seeks a judgment for unjust enrichment against Defendants, interest and costs, and other damages deemed just by this Honorable Court.

## COUNT IV
### Wage & Hour Federal Statutory Violation Against UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL

31. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

32. This action is brought by Plaintiff and other similarly-situated individuals to recover from Defendants unpaid minimum wage and overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. § 207. 29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees... for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

33. Jurisdiction is conferred on this Court by Title 29 U.S.C. § 216(b).

34. At all times pertinent to this Complaint, Defendant operated as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines

of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

35. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, and, by virtue of working in interstate commerce, otherwise satisfies the FLSA's coverage requirements.

36. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

37. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from 3 (three) years from the date of the filing of this complaint.

38. At all times material hereto, the Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 *et seq.* in that Plaintiff performed services and worked in excess of the maximum hours provided by the FLSA but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

39. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff these unpaid wages since the commencement of Plaintiff's

employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

40. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

**WHEREFORE**, Plaintiffs respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum wages and overtime compensation for hours worked in excess of forty (40) weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff the costs of this action, together with a reasonable attorneys' fees; and

E. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT V
*FLSA Retaliation Violation Against UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL*

41. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 22 of this complaint as if set out in full herein.

42. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this

Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

43. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

44. The motivating factor that caused Plaintiff's adverse employment action as described above was Plaintiff's complaint regarding not being properly paid for all hours worked.

45. The Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

WHEREFORE, Plaintiff respectfully prays for the following relief against Defendant:

A. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

B. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

C. Enter judgment against the Defendant for all front wages until Plaintiffs become 65 years of age; and

D. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

E. Award Plaintiff the costs of this action, together with reasonable attorneys' fees; and

F. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 4-1-14

Respectfully submitted,

/s/

Jason S. Remer, Esq.
Florida Bar No.: 165580
jremer@rgpattorneys.com
**Brody M. Shulman, Esq.**
Florida Bar No.: 92044
bshulman@rgpattorneys.com

**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

## OPT-IN CONSENT FORM

Name: **Allan Gutierrez** (Please Print)  S.S.#: **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**

Address: **11266 SW 16 Ct**   Work Phone: **305-823-5002 ext 64**

**Miami, FL 33196**   Home Phone: **305-283-8346**

Email: **AllanGutierrez@me.co**

## CONSENT TO JOIN/BE A PARTY PLAINTIFF COLLECTIVE ACTION
PURSUANT TO FAIR LABOR STANDARDS ACT
29 U.S.C. §216(b)

1. I consent and agree to pursue my claims arising out of unpaid wage/overtime work as an employee for the above listed defendant: _____ Corporation in connection with the above referenced lawsuit.

2. I have worked in the position of ................... Corporation from on or about _____ (month, year) to on or about _____ (month, year).

3. During the above time period, I worked in excess of forty (40) hours per week, but was not paid overtime compensation.

4. I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201 et.seq. I hereby consent, agree and opt-in to become a Plaintiff herein and be bound to any judgment by the Court or any settlement of this action.

5. I hereby designate the law firm of REMER & GEORGES-PIERRE, PLLC, to represent me for all purposes of this action.

6. I also designate the Class Representatives as my agents to make decisions on my behalf concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiffs' Counsel concerning attorneys' fees and costs and all other matters pertaining to this Lawsuit.

**8-27-13**
(Date Signed)     (Signature)

**\*\*NOTE\*\***
Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.
(See "Notice of Proposed Class Action Lawsuit" for time deadlines).

IN THE CIRCUIT COURT OF THE
11TH JUDICIAL CIRCUIT IN AND FOR
MIAMI DADE COUNTY, FLORIDA

ALLAN GUTIERREZ,
and other similarly situated individuals,

    Plaintiffs,

vs.    Case No. 2014 - 8563 - CA - 01

UNIVERSITY OF MIAMI d/b/a
UNIVERSITY OF MIAMI HOSPITAL,
a Florida Non Profit Corporation,

    Defendants.

_____/

## SUMMONS IN A CIVIL CASE

TO: UNIVERSITY OF MIAMI D/B/A UNIVERSITY OF MIAMI HOSPITAL through its Registered Agent:

    ANDREA E ORANGE
    1320 SOUTH DIXIE HIGHWAY, SUITE 1200
    CORAL GABLES, FL 33146

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

    JASON S. REMER, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **20 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

HARVEY RUVIN, CLERK

_____    DATE  APR 08 2014
CLERK

SHARON MOORE
_____
(BY) DEPUTY CLERK