# EXHIBIT A

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Settlement Agreement and General Release (hereinafter "Agreement") is hereby entered into between **ALLAN GUTIERREZ**, and all of his agents, successors, heirs, and assigns (collectively referred to as "Gutierrez"), and **UNIVERSITY OF MIAMI d/b/a UNIVERSITY OF MIAMI HOSPITAL** (the "University").

### Recitals

**WHEREAS,** Gutierrez was, at one time, employed by the University; and

**WHEREAS,** Gutierrez is seeking damages against the University under 29 U.S.C. § 201 *et seq* for unpaid wages and retaliation under the Fair Labor Standards Act ("FLSA") in the case styled: *Gutierrez v. University of Miami d/b/a University of Miami Hospital,* Case No. 14-cv-21695-JLK, present before the United States District Court, Southern District of Florida ("the Litigation");

**WHEREAS,** Gutierrez has also asserted claims of quantum meruit, unjust enrichment, and breach of contract in the Litigation;

**WHEREAS,** the University denies all allegations and disputes all claims raised by Gutierrez;

**WHEREAS,** Gutierrez and the University desire to compromise, finally settle, and fully release any and all actual or potential claims that Gutierrez may have against the University at the time he executes this Agreement, including, but not limited to, those related to or arising out of his employment and separation of employment, as well as those claims raised in the Litigation; and

**NOW, THEREFORE,** in consideration of the mutual promises and covenants between the parties, the sufficiency of which is hereby acknowledged, Gutierrez and the University hereby agree to the following Terms and Conditions:

### Terms and Conditions

1. All the foregoing Recitals are true and correct and are incorporated as part of these Terms and Conditions.

2. Upon execution of this Agreement, the Parties agree to jointly file a motion requesting that the Court approve this Agreement and enter an order dismissing the pending Litigation with prejudice. The Parties agree that this Agreement will be subject to Court approval. This Agreement shall be null and void, and neither party shall have any obligations under it if the Court fails to approve the Agreement.

3. In consideration for Gutierrez's execution of this Agreement, the University agrees that, within twenty (20) working days from the date of the Court's approval of this Agreement and dismissal of Gutierrez's claims in the Litigation with prejudice, it will pay the total gross amount of TEN THOUSAND AND 00/00 Dollars ($10,000), inclusive of attorney's fees and costs, as follows:

-1-

x A.G
Initials

#3758966 v2

    A.    Pay Gutierrez (upon the receipt of a completed W-9 form) the gross amount of Two Thousand Seven Hundred Sixty Eight and 50/00 Dollars ($2,768.50), less applicable federal income tax withholding and other deductions required by law, in alleged back wages owed. This amount will be reported on a Form W-2 issued to Gutierrez for the applicable tax year;

    B.    Pay Gutierrez (upon the receipt of a completed W-9 form) the gross amount of Two Thousand Seven Hundred Sixty Eight and 50/00 Dollars ($2,768.50) in alleged liquidated and compensatory damages owed. This amount will be reported on a Form 1099 issued to Gutierrez for the applicable tax year; and

    C.    Pay Gutierrez's counsel, Remer & Georges-Pierre, PLLC (upon the receipt of a completed W-9 form), the gross amount of Four Thousand Four Hundred Sixty Three and 00/00 Dollars ($4,463.00). This amount, which represents attorneys' fees and costs incurred by Remer & Georges-Pierre, PLLC will be reported on IRS Form 1099 issued by the University to Remer & Georges-Pierre, PLLC and Gutierrez for the applicable tax year.

4.    Gutierrez hereby agrees, represents and warrants that he shall have sole responsibility for the satisfaction of any and all taxes, liens or assignments in law or equity, or otherwise, that may exist with respect to any recovery by him under this Agreement, except for the tax contributions federally mandated of the University, and that he will fully satisfy all taxes, liens, and assignments which may arise as a result of his receipt of the settlement payments. Gutierrez represents that he is not subject to any garnishment or wage deduction order, including but not limited to, any order for the payment of child support.

5.    In consideration for the payments described above, Gutierrez agrees:

    A.    To generally release, satisfy and forever discharge the University, along with its respective past and present directors, shareholders, owners, officers, members, principals, employees, contractors, agents, subsidiaries, divisions, predecessors, parents, insurers, affiliated entities, successors, transferees and assigns, and their personal representatives, heirs, and attorneys (collectively referred to in this Agreement as the "Released Parties") from any and all claims, demands or liabilities whatsoever, whether known or unknown, which Gutierrez ever had or may now have against the Released Parties from the beginning of time to the date he executes this Agreement, except for the obligations the University undertakes in this Agreement. This release includes, without limitation, any claims, demands or liabilities relating to or arising out of Gutierrez's employment with the University and separation of employment with the University pursuant to any federal, state, or local employment laws, regulations, ordinances, or executive orders prohibiting, among other things, age, race, color, sex, national origin, religion, marital status, familial status, sexual orientation, and disability discrimination.

    (1)    This release includes, but is not limited to, any and all actions claims and demands under:

> the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, et seq.;

-2-


Initials

#3758966 v2

| |
|---|
| the Age Discrimination Employment Act (the "ADEA") as amended, 29 U.S.C. Section 623, et seq.; |
| Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e, et seq. as amended; |
| the federal Americans with Disabilities Act 42 U.S.C. Section 12101, et seq. (the "ADA"), as amended; |
| the Equal Pay Act of 1963, 29 U.S.C. Section 206(d); |
| the Family and Medical Leave Act, as amended, 29 U.S.C. Section 2601, et seq. (the "FMLA"); |
| Worker Adjustment and Retraining Notification Act ("WARN"), 29 U.S.C. § 2101, et seq.; |
| Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A, et seq. |
| 42 U.S.C. Sections 1981 through 1988; |
| National Labor Relations Act, 29 U.S.C. Section 151, et seq., |
| Immigration Reform and Control Act of 1986, 8 U.S.C. § 1101, et. seq.; |
| the Uniform Services Employment and Reemployment Rights Act of 1994; |
| the Employee Retirement Income Security Act of 1974 ("ERISA") as amended, 29 U.S.C. Section 1001, et seq. (excluding any vested benefits under any Employee Retirement Plan); |
| Fair Credit Reporting Act, 15 U.S.C. § 1681 et. seq.; |
| Rehabilitation Act of 1973, as amended, 29 U.S.C. § 701, et. seq.; |
| Genetic Information Non-Discrimination Act of 2008, 42 U.S.C. § 2000ff, et seq.; |
| Health Insurance Portability and Accountability Act of 1996, 42 U.S.C. § 300gg, 29 U.S.C. § 1181, et. seq., and 42 U.S.C. § 1320d-6, et. seq.; |
| the Florida and Federal Constitutions; |
| the Florida Human Rights Act of 1977 and the Florida Civil Rights Act of 1992 as amended, Chapter 760 Florida Statutes; |
| the Florida Whistleblower's Act, Fla. Stat. Section 448.101, et seq.; |
| Florida Workers' Compensation Retaliation Statute, Fla. Stat. Section 440.205; |
| Florida's wage payment and wage discrimination laws; |
| Florida Minimum Wage Act, Fla. Stat. Section 448.110; |
| the Florida AIDS Act, Fla. Stat. Sections 10.1125, 381.00 and 760.50; |
| Florida Discrimination on Basis of Sickle Cell Trait Law, Fla. Stat. Section 448.075; and |
| Miami-Dade Wage Theft Ordinance, as amended, Chapter 22, Sections 1-10 of the Code of Miami-Dade County; |
| All local and county ordinances; |

-3-


Initials

#3758966 v2

> any other federal, state or local statute, executive order, regulation or ordinance relating to or dealing with unpaid wages, employment, employment discrimination, retaliation, conspiracy, tortious or wrongful discharge.

(2) This release also includes, but is not limited to: (i) any and all claims for breach of contract and breach of employment contract (whether oral, express or implied) between Gutierrez and any of the Released Parties; (ii) any and all claims for wrongful discharge, unpaid wages, future wage loss, employee benefits, bonuses, stock options, attorneys' fees and costs, penalties and damages of all types, including, but not limited to, punitive and liquidated damages, and compensatory damages and emotional distress damages; and (iii) any and all actions, claims and demands for tort damages (whether intentional or negligent) and/or personal injury as a result Gutierrez's employment or separation from the University, such as defamation, fraud, misrepresentation, assault, battery, negligence, negligent supervision, hiring, or retention, detrimental reliance, intentional or negligent infliction of emotional distress, breach of a covenant of good faith and fair dealing, and any other offense. The foregoing list is meant to be illustrative rather than exhaustive.

(3) Notwithstanding the above, Gutierrez acknowledges that he is not waiving any rights or claims that may arise after this Agreement is signed or any rights or claims that by law cannot be released in this Agreement.

B. That with respect to the claims he is waiving, Gutierrez acknowledges that he is waiving not only his right to recover money or other relief in any action that he might institute, but he is also waiving his right to recover money or other relief in any action that might be brought on his behalf by any other person or entity including, but not limited to, the State of Florida, the United States Equal Employment Opportunity Commission ("EEOC"), the U.S. Department of Labor ("DOL"), or any other (U.S. or foreign) federal, state, or local agency or department.

C. Not to apply for or accept future employment with any of the Released Parties and Gutierrez agrees that the University shall have no obligation to hire his as an employee, independent contractor or otherwise. However, if Gutierrez has secured employment with a third party in Miami-Dade County which is subsequently purchased or acquired by the University, then the provisions of this paragraph 5(D) shall not apply.

D. That Gutierrez has been paid through settlement of the Litigation all of his past wages, compensation, bonuses, commissions, leave payments and/or and benefits due as of the date of this Agreement and that no such additional amounts are due to him.

E. That Gutierrez has not filed any claims, complaints, charges, lawsuits or other proceedings against the University with any governmental agency, arbitrator, or any court other than as set forth in this Agreement.

-4-

X _____ Initials

#3758966 v2

F. That Gutierrez does not have any known workplace injuries or occupational diseases.

6. Gutierrez hereby warrants and represents that he presently is not, nor has ever been enrolled in Medicare Part A or Part B. Further, Gutierrez represents and warrants that he has no claim for Social Security Disability benefits nor is he appealing or re-filing for Social Security Disability benefits.

7. Gutierrez agrees to indemnify and hold the Released Parties harmless from any claims of, or rights of recovery as a result of any future payment which may be made by Medicare or any other entity for or on behalf of Gutierrez for such future care. Gutierrez agrees to hold the Released Parties harmless for any loss of Medicare benefits or Social Security benefits Gutierrez may sustain as a result of this Agreement. In addition, Gutierrez agrees to release as part of this Agreement any right to bring any possible future action under the Medicare Secondary Payer Statute against the Released Parties.

8. Gutierrez has been apprised of his right to seek assistance from legal counsel of his choosing or directly from the Social Security Administration or other government agencies regarding the impact this Agreement may have on Gutierrez's current or future entitlement to Social Security or other governmental benefits. Gutierrez acknowledges that acceptance of these settlement funds may affect Gutierrez's rights to other governmental benefits, insurance benefits, disability benefits, or pension benefits. Notwithstanding this possibility, Gutierrez desires to enter into the terms of this Agreement.

9. <u>Confidentiality.</u>

A. Gutierrez agrees that all matters relating to this Agreement, and the negotiations preceding this Agreement, are strictly confidential. Gutierrez further agrees that he and his attorneys, spouse and representatives will not publicize, disclose or give out any information concerning the terms of this Agreement, the content of the negotiations and discussions pertaining to this Agreement or the settlement of this matter, to any third person or entity. Gutierrez expressly agrees that he cannot disclose or disseminate this Agreement or any information about this Agreement to the print or broadcast media, any internet communication outlet or to individuals that Gutierrez knows or has reason to know are past or present employees, contractors, customers and vendors of the University.

B. Notwithstanding the forgoing, Gutierrez may disclose this Agreement on the following conditions: (i) Gutierrez may advise his attorney(s), spouse, accountant(s), tax preparers, and the Internal Revenue Service (IRS) that he received income as a result of a settlement agreement relating to him employment and the amount received; or (ii) if subpoenaed by a party to a lawsuit, ordered by the Court or otherwise legally compelled, Gutierrez may testify or provide information regarding this Agreement or may produce the Agreement, <u>provided that</u> he gives notice within three (3) business days of receipt of any subpoena, court order or other related communication (oral or written) to: the University of Miami General Counsel's Office at (305) 284 2700 or augalde@miami.edu so that the University can assert any objections prior to Gutierrez's appearance at interview, deposition, hearing or trial. Gutierrez acknowledges that he waives any objection to the University's request that the document production or his testimony be done *in camera* and under seal.

-5-


Initials

#3758966 v2

  C. The obligations contained in this paragraph will remain in force regardless of whether this Agreement or any portion thereof is ever filed with a court or an administrative agency.

10. The Parties agree to pay their respective attorneys' fees and costs in connection with this Agreement, unless otherwise specified herein, and will not try to obtain any additional fees or costs from each other. However, the Parties reserve any and all rights to enforce the terms of this Agreement.

11. Gutierrez represents and warrants that he has the capacity to act on his own behalf and on behalf of all who might claim through him to bind him to the terms and conditions of this Agreement.

12. Neither party has relied upon any representations or statements made by the other party hereto which are not specifically set forth in this Agreement.

13. Gutierrez and the University acknowledge that this Agreement constitutes the entire agreement between the Parties with respect to the matters set forth in this Agreement.

14. This Agreement does not constitute an admission of a violation of any law, order, regulation, or enactment, or of wrongdoing of any kind by the University.

15. The provisions of this Agreement are severable, and if one or more of any provision or provisions are found to be unenforceable, invalid, or illegal, this will not affect any other provision or provisions of this Agreement, which will remain in full force and effect. Waiver by Gutierrez or the University of any breach of any provision of this Agreement shall not be construed to be a waiver by such party of any succeeding breach of such provision or a waiver by such party of a breach of any other provision.

16. This Agreement shall be null and void, and neither party shall have any obligations under it if the Court fails to approve it.

17. The laws of the State of Florida shall apply to this Agreement.

18. This Agreement may only be amended in writing signed by Gutierrez and the University and approved by the Court.

19. This Agreement may be executed in counterparts, and each counterpart shall have the same force and effect as an original and shall constitute an effective, binding agreement on the part of each of the undersigned.

20. This Agreement shall not be construed against the University by reason of the fact that the University was responsible for the drafting of this Agreement or any provision of this Agreement.

21. **GUTIERREZ IS ADVISED TO CONSULT WITH AN ATTORNEY OF HIS CHOICE; THAT HE HAS CAREFULLY REVIEWED AND CONSIDERED THIS AGREEMENT; THAT HE UNDERSTANDS THE TERMS OF THE AGREEMENT AND ITS FINAL AND BINDING EFFECT; THAT THE ONLY PROMISES MADE TO HIS TO SIGN THIS AGREEMENT ARE THOSE STATED IN THIS AGREEMENT; AND THAT HE IS**

-6-

xA.G
Initials

#3758966 v2

SIGNING THIS AGREEMENT VOLUNTARILY WITH THE FULL INTENT OF RELEASING THE UNIVERSITY FROM ANY AND ALL CLAIMS.

I have read the foregoing Settlement Agreement and General Release, and I accept and agree to the provisions contained herein.

X  9-26-14
DATE

X _____
ALLAN GUTIERREZ

UNIVERSITY OF MIAMI d/b/a
UNIVERSITY OF MIAMI HOSPITAL

9/29/30
DATE

By: _____
Print Name: Humberto M. Speziani
Title: Assistant Vice President
Financial Operations
University of Miami

-7-

X A.G.
Initials

#3758966 v2